# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 18-02463-JW |
| | Chapter 13 |
| Pauline Wilson Jenkins, | |
| | **ORDER ON OBJECTION TO CLAIM** |
| Debtor(s). | **OF INTERCOASTAL FINANCIAL,** |
| | **LLC** |

This matter comes before the Court upon Pauline Wilson Jenkins' ("Debtor") Objection to Claim of Intercoastal Financial, LLC ("Objection") filed on August 3, 2018. Intercoastal Financial, LLC ("Intercoastal") filed a *pro se* response to the Objection on August 17, 2018, which was amended on August 20, 2018. Due Intercoastal's response, a hearing was held on the Objection and was attended by counsel for the Debtor. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and this is a core matter under 28 U.S.C. § 157. Pursuant to Fed. R. Civ. P. 52, which is made applicable to this matter by Fed. R. Bankr. P. 7052, the Court makes the following findings of fact and conclusions of law.[1]

## FINDINGS OF FACT

1.　On May 10, 2018, Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code.

2.　On May 21, 2018, Debtor filed her schedules. On her Schedule D, Debtor indicates that Regional Finance #15 holds a claim in the amount of $8,228 secured by a 2010 Chrysler PT Cruiser ("Vehicle") for a debt incurred in September 2015.

---

[1]　To the extent any of the following findings of fact are conclusions of law, they are so adopted, and to the extent any of the following conclusions of law are findings of fact, they are so adopted.

1

3.    Also on May 21, 2018, Debtor filed a proposed chapter 13 plan, in which Debtor proposes to value and pay the secured claim held by Regional Finance #15 under 11 U.S.C. § 506 over the life of the chapter 13 plan.

4.    On May 22, 2018, Regional Management Corporation ("Regional") filed a proof of claim for a secured claim in the amount of $8,251.59, with a principal balance of $7,232.96. The claim indicated that it was secured by the Vehicle, and included a copy of the Promissory Note, Security Agreement and Disclosure Statement ("Loan Agreement") executed on September 28, 2015 by Debtor to Regional Finance Corporation of SC. In addition, the claim included a copy of a certificate of title for the Vehicle, listing Debtor as the owner and Regional as the first lienholder.

5.    On June 25, 2018, Intercoastal filed its proof of claim. The proof of claim indicates that Intercoastal holds an unsecured claim in the amount of $7,232.96. The proof of claim asserts that Intercoastal acquired the claim from Cuzco Capital Investment Management, LLC ("Cuzco") and that the basis of the claim is for Money Loaned. Attached to the proof of claim is a document entitled "Bankruptcy Rule 3001(c)(3)(A) Statement of Account Information," which appears to provide the information that a creditor of an open-ended or revolving consumer credit agreement must produce under Fed. R. Bankr. P. 3001(c)(3). This attachment indicates that the claim only includes principal balance in the amount of $7,232.96. Intercoastal's proof of claim also includes an Assignment and Bill of Sale which purports to indicate that Intercoastal purchased certain claims from Cuzco on June 22, 2018. The Assignment and Bill of Sale does not specifically list Debtor or a loan with Debtor.

6.    On August 3, 2018, Debtor filed the Objection to Intercoastal's claim. In the Objection, Debtor asserts that she does not owe the debt to Intercoastal and that the proof of claim

does not provide sufficient information to establish a valid claim. For these reasons, Debtor asked the Court to deny Intercoastal's claim.

7.      On August 17, 2018, Intercoastal filed *pro se* a Request for Motion to Re-Consider Objection of Claim ("Response"), which it subsequently amended on August 20, 2018. The amended request attached a copy of the Loan Agreement. By an Amended Order entered on August 21, 2018, the Court determined that Intercoastal's Request for Motion to Re-Consider Objection of Claim would be treated as a response to the Objection. The August 20, 2018 Amended Order provided the date of the hearing on the Objection and that, pursuant to SC LBR 9011-2(c), to the extent Intercoastal intended to appear at the hearing, it should be represented by an attorney duly admitted to practice before the Court.

8.      At the hearing on the Objection, Debtor's Counsel proffered that Intercoastal's claim is a duplicate of Regional's proof of claim, and as such, should be disallowed. No one appeared at the hearing on behalf of Intercoastal.

## **CONCLUSIONS OF LAW**

Debtor seeks the disallowance of Intercoastal's proof of claim. Section 502(a) of the Bankruptcy Code provides that a filed claim "is deemed allowed, unless a party in interest . . . objects." If an objection is filed, "the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim except to the extent" it is not allowable under the grounds listed under 11 U.S.C. § 502(b).[2] In the present matter, Intercoastal's claim was deemed allowed until Debtor objected to the claim. As a result of the objection, the Court must determine the amount and validity of Intercoastal's claim.

---

[2]    Further references to the Bankruptcy Code (11 U.S.C. § 101, *et al.*) shall be by section number only.

*Evidentiary Burden*

Generally, the evidentiary burden for determining the amount and validity of a claim shifts between the parties. Rule 3001 of the Federal Rules of Bankruptcy Procedure governs the form and content of a proof of claim. If the proof of claim is filed in accordance with Fed. R. Bankr. P. 3001, the claim shall constitute *prima facie* evidence of its validity and amount. *See* Fed. R. Bankr. P. 3001(f). In that instance, the burden is on the objecting party to introduce evidence to rebut the claim's presumptive validity and/or amount. *Stancill v. Harford Sands, Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004). If the objecting party successfully rebuts the presumption, the ultimate burden shifts to the claimant to prove the amount and validity of the claim by a preponderance of the evidence. *Id.*

However, if the claim is not filed in accordance with Fed. R. Bankr. P. 3001, the proof of claim is not entitled to *prima facie* evidence of validity and amount, and the evidentiary burden of proof never shifts from the claimant to the debtor. *See In re Devey*, C/A No. 17-05751, __ B.R. __, slip op. at p. 18 (Bankr. D.S.C. Aug. 17, 2018). "If the presumption does not arise, the [debtors] need only object to the claim[s] pursuant to the applicable rules, which include § 502(b)." *In re Mazyck*, 521 B.R. 726, 732 (Bankr. D.S.C. 2014).

In the present matter, Debtor's Objection asserts that Intercoastal did not attach the proper supporting documentation to establish its claim. Fed. R. Bankr. P. 3001(c)(1) provides that: "[e]xcept for a claim [based on an open-end or revolving consumer credit agreement], when a claim . . . is based on a writing, a copy of the writing shall be filed with the proof of claim." For open-end or revolving consumer credit agreements, Fed. R. Bankr. P. 3001(c)(3) requires:

> [A] statement shall be filed with the proof of claim, including all of the following information that applies to the account:
>
> (i) the name of the entity from whom the creditor purchased the account;

4

      (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
      (iii) the date of an account holder's last transaction;
      (iv) the date of the last payment on the account; and
      (v) the date on which the account was charged to profit and loss.

"An open-end or revolving credit agreement is one where (1) creditor reasonably contemplated repeated transactions, (2) the credit agreement provide[s] for financing charges on outstanding balances and (3) credit will be available to the extent that any outstanding balance is repaid, up to any limit set by the creditor." *In re Norris*, 568 B.R. 363, 366 n. 2 (Bankr. W.D. Wash. 2017).

Upon a review of Intercoastal's claim, it appears that Intercoastal intented to meet the requirements of Fed. R. Bankr. P. 3001(c)(3) as the attachment to its claim is entitled "Bankruptcy Rule 3001(c)(3)(A) Statement of Account Information." However, based on the documents that Intercoastal provided to the Court, it does not appear that Intercoastal holds an open-end or revolving consumer credit account. As part of its amended response to the Objection, Intercoastal included a copy of the Loan Agreement—the same Loan Agreement that was attached to Regional's claim. A review of the Loan Agreement shows that it is an installment loan, with a set term and repayment schedule. The Loan Agreement does not contemplate future advances or repeated transactions between the parties. Therefore, it does not appear that Intercoastal's purported claim against Debtor is based on an open-end or revolving consumer credit account. As a result, Intercoastal would not be permitted to attach a summary of the claim under Fed. R. Bankr. P. 3001(c)(3)(A) in lieu of attaching the writing that is the basis of its claim under Fed. R. Bankr. P. 3001(c)(1).

While Intercoastal included a copy of the Loan Agreement in its amended Response, it never included a copy of that writing in its proof of claim or otherwise amended its proof of claim.[3] Fed. R. Bankr. P. 3001(c)(1) is clear that, in these circumstances, a copy of the writing must be filed with the proof of claim in order for the claim to have a presumption of validity and amount under Fed. R. Bankr. P. 3001(f). As Intercoastal did not file its claim in accordance with Fed. R. Bankr. P. 3001(c), its claim is not entitled to *prima facie* evidence of validity and amount under Fed. R. Bankr. P. 3001(f).

*Debtor's Objection to Claim*

A central ground to Debtor's Objection is Intercoastal's failure to attach proper documentation to the claim. The Court notes that a claim cannot be disallowed based solely on the claimant's failure to attach documentation required by Fed. R. Bankr. P. 3001. *See In re Falwell*, 434 B.R. 779, 783 (Bankr. W.D. Va. 2009) ("An assertion [on its own] that the proof of claim is not supported by documentation is not sufficient to support an objection to claim."); *In re Hilton*, 2013 WL 6229100, at * (Bankr. W.D. Va. Dec. 2, 2013) ("If the objecting party bases his objection merely on the claimant's failure to file documentation, however, that objection is insufficient for the court to disallow the claim."). Courts have reasoned that a claim may only be disallowed on a ground specifically listed in § 502(b). *See In re Dove-Nation*, 318 B.R. 147, 153 (8th Cir. B.A.P. 2004). Because the failure to attach documentation is not a ground for disallowance under § 502(b), Congress has not provided bankruptcy courts with the authority to disallow a claim based only on this failure. *See id.*, 318 B.R. 147, 153 (8th Cir. B.A.P. 2004) ("Neither procedural rules nor

---

[3] Furthermore, the Court notes Intercoastal had an opportunity at the hearing on the Objection, but failed to submit the Loan Agreement into evidence or establish the truth of the facts therein to support its claim. *See Devey*, C/A No. 17-05751, slip op. at p. 24 (in a case where the claim lacked *prima facie* evidence of validity and amount, finding that attachments to claim were not authenticated or submitted into evidence and therefore, were insufficient to support the creditor's claim).

instructional language on official forms overrides the clear statutory language [of § 502(b)]."). Therefore, even in uncontested or default matters, an objection to claim must state a valid ground for disallowance under § 502(b), in addition to the claimant's failure to attach supporting documentation, in order for the claim to be disallowed.

In the present matter, Debtor's Objection alleges not only that Intercoastal failed to file supporting documentation, but also that Debtor does not believe that she owes a debt to Intercoastal. The allegation is directly related to the enforceability of the claim against Debtor under § 502(b)(1), namely that Debtor is not aware of Intercoastal and that it does not have an enforceable claim against her. During the pendency of the Objection, Debtor learned from Intercoastal's Response that it purports that its claim is based on the Loan Agreement. However, Debtor continues to maintain that she does not owe a debt to Intercoastal and called the Court's attention to the fact that Regional has filed a proof of claim based on the same Loan Agreement, a claim which satisfies the requirements of Fed. R. Bankr. P. 3001 and has *prima facie* evidence of validity and amount.

This is not a circumstance where Debtor is seeking to escape liability on the Loan Agreement. Debtor scheduled Regional's claim in her schedules and treated Regional in her proposed chapter 13 plan. Debtor continues to believe that the debt evidenced by the Loan Agreement is owed to Regional and not to Intercoastal.

Because the claim does not have *prima facie* evidence of validity or amount, the burden is on Intercoastal to demonstrate that it had an enforceable claim against Debtor. No one appeared on behalf of Intercoastal at the hearing, and no evidence was submitted to support Intercoastal's

claim. Therefore, the Court finds that Intercoastal has not satisfied its burden, and Debtor's Objection should be sustained. Intercoastal's claim is hereby disallowed.[4]

## CONCLUSION

For the foregoing reasons, Debtor's Objection is sustained, and the proof of claim filed by Intercoastal (Claim No. 3-1) is disallowed.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
September 18, 2018

**FILED BY THE COURT**
**09/18/2018**



Entered: 09/18/2018

_____
US Bankruptcy Judge
District of South Carolina

---

[4] The Assignment and Bill of Sale included in Intercoastal's claim purports that certain claims were assigned to Intercoastal on June 22, 2018, a month after Regional filed its claim based on the Loan Agreement. To the extent Regional may have transferred its claim after it filed the proof of claim, Intercoastal may be able to file a transfer of that claim pursuant to Fed. R. Bankr. P. 3001(e)(2). However, at the time of this Order, no party has filed a transfer of claim pursuant to Fed. R. Bankr. P. 3001(e)(2) and it is not properly before the Court to consider.